Filed 8/23/23  P. v. Madany CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B324861 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA474657 |
| YAZEED MADANY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ray G. Jurado, Judge. Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

On April 19, 2022, defendant Yazeed Madany entered negotiated no contest pleas to one count of assault with a deadly weapon (Pen. Code[1], § 245, subd. (a)(1); count 7), one count of having a concealed firearm on the person—not registered (§ 25400, subd. (a)(2); count 3), and making criminal threats (§ 422, subd. (a); count 6). Defendant also admitted inflicting great bodily injury to the victim identified in count 7 (§ 12022.7, subd. (a)). The parties stipulated to a six-year prison term.

On August 29, 2022, after denying defendant's motion to withdraw his no contest pleas, the trial court sentenced defendant in accordance with the plea agreement and dismissed the remaining counts and allegations. Defendant obtained a certificate of probable cause and appeals from the order denying his motion.

Defendant's counsel has filed an opening brief asking that we conduct an independent review of the record for arguable issues as required by *People v. Wende* (1979) 25 Cal.3d 436. Counsel also informed defendant of his right to file a supplemental brief on his own behalf, but defendant did not do so. Finding no arguable issues, we affirm.

---

[1] All undesignated statutory references are to the Penal Code.

## BACKGROUND

Before entering his pleas on April 19, 2022, defendant asserted he understood the charges against him and his maximum sentence. He also asserted he had been given enough time to talk to his attorney about the facts of the case and his rights and defenses. Defendant was advised of his right to a jury trial, to confront and cross-examine witnesses, to remain silent, and to present a defense. Defendant waived these rights. Defendant was further advised of the penal consequences of his pleas, and he stated he understood those consequences. Finally, defendant agreed he was freely and voluntarily entering no contest pleas because it was in his best interest. After finding the pleas and waivers were knowingly, freely, and voluntarily made, defendant understood the nature of the charges and possible consequences of his pleas, and that there was a factual basis for the pleas, the court accepted the pleas.

Several months after he entered his pleas, represented by new counsel, defendant filed a motion to withdraw his pleas, claiming he was pressured by his prior counsel—Christopher Darden—to accept the prosecution's offer and only had 15 minutes to consider it. In support of his motion, defendant's new counsel—Sergio Valdovinos—submitted a one-page declaration stating that his review of defendant's two preliminary hearing transcripts and evidence that "[defendant] possesses demonstrate significant contentions which support the defense position if given the opportunity to go to trial." Defendant did not submit his own declaration.

At the August 29, 2022 hearing, Darden stated he communicated the prosecution's offer to defendant and allowed him to talk to his sister about the offer. Darden also said he never

told defendant he would get any particular sentence if he rejected the offer and went to trial. In opposition to defendant's motion, the prosecutor stated that defendant was facing more than 25 years in prison and the six-year offer that was accepted was "very generous" and was reached only after "much back and forth and so many representations made on the record." In denying the motion, the court explained that defendant did not show he was "operating under a mistake, was somehow ignorant or that there was any other factor overcoming the exercise of his free judgment."

## DISCUSSION

Defendant was properly advised when he entered his no contest pleas, the sentence was legally valid, and the court did not abuse its discretion in denying defendant's motion to withdraw his pleas. (*People v. Ramirez* (2006) 141 Cal.App.4th 1501, 1506 [denial of motion to withdraw plea reviewed for abuse of discretion]; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415–1416 [defendant seeking to withdraw plea must establish asserted basis for withdrawal of plea by clear and convincing evidence].) After examining the entire record, we are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us. (*People v. Wende, supra*, 25 Cal.3d at p. 443.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ADAMS, J.